# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| VICKI CASSEDAY M. HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 4:12-cv-01845-KOB-JEO |
| ) | |
| BOBBY BARRETT, Warden, and ) | |
| the ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents, ) | |

## **MEMORANDUM OPINION**

Vicki Casseday M. Howard, an Alabama state prisoner acting *pro se*, has filed this action on a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. (Doc. 1). On June 30, 2014, the magistrate judge entered a report and recommendation that the petition be denied on the grounds that the action is untimely under the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). (Doc. 13 ("R&R")). Howard filed timely objections to the R&R. (Doc. 15).

As detailed in the R&R, the magistrate judge assumed, based on the parties' arguments, that Howard's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on October 26, 2007, when the trial court entered an order stating that Howard had waived her right to appeal by pleading guilty.[1] (R&R at 12-13). The limitations period ran, the magistrate judge found, until

---

[1]As noted in the R&R, Howard represents in her habeas petition that her direct appeal was was "denied" by the trial court in late October 2007, apparently based on the trial court's order dated October 26, 2007. (*See* Doc. 13 at 13; Doc. 1 at 3, ¶¶ 5-6; *see also* Doc. 1-1 at 6). However, the court questions whether the trial court's order, which, on its face formally

November 15, 2007, when it was statutorily tolled, *see* 28 U.S.C. § 2244(d)(2), by Howard's filing of her first petition pursuant to Rule 32, ALA. R. CRIM. P., and commenced running again on April 12, 2008, upon the expiration of the deadline for Howard to have timely appealed the trial court's order denying Rule 32 relief. (*Id.* at 13-14). The limitations period then expired, the magistrate judge calculated, 346 days later on March 23, 2009, more than three years before Howard filed her instant § 2254 petition in this court in May 2012. (*Id.* at 14). Finally, the magistrate judge rejected Howard's arguments that her petition is saved by an application of either further statutory tolling, equitable tolling, or by her claim of actual innocence. (*Id.* at 14-18).

In her objections, Howard argues that her habeas application is timely based upon *Jimenez v. Quarterman*, 555 U.S. 113 (2009), which recognizes that a state court's grant of an out-of-time direct appeal resets the date that the defendant's conviction becomes "final" for purposes of § 2244(d)(1)(A). (Obj. at 4-5). However, the Alabama courts never granted Howard an out-of-time *direct* appeal of her conviction. Rather, Howard has shown only that, after some initial confusion over whether she had filed a notice of appeal, the Alabama Court of Criminal

---

addressed only Howard's application for appointment of counsel, was actually intended to dispose of her direct appeal itself. Further, while the trial court clerk appears to have relied on that order as the justification for the clerk's failure to transmit a copy of Howard's notice of appeal to the Alabama Court of Criminal Appeals (*see* Doc. 1-1 at 14, 15), it is questionable whether a trial court clerk possesses discretion to withhold a timely and otherwise facially valid notice of appeal from the appellate court. *See* ALA. R. APP. P. 3(d) ("In criminal cases, the clerk of the trial court *shall* serve the notice of appeal ... upon ... the clerk of the appropriate appellate court") (emphasis added); ALA. R. APP. P. 12(a) ("The clerk [of the trial court] *shall* send to the clerk of the appellate court to which the appeal is taken a copy of the notice of appeal.") (emphasis added). It is likewise questionable whether the trial court possessed authority to enter an order directing the clerk to withhold transmission of such a notice of appeal. *See Harden v. Laney*, 118 So. 3d 186, 186-87 (Ala. 2013). However, Howard does not argue any of these issues.

Appeals reinstated or otherwise allowed her to pursue a *collateral* appeal to seek review of the trial court's denial of her second Rule 32 petition, which she had filed in September 2010. (*See* Obj. at 3-5, 11-12). And while that second Rule 32 petition did include a claim asserting that she had been denied a direct appeal (*see* Doc. 6-1 at 9), the Alabama appellate courts ultimately affirmed the trial court's denial of relief on that and all other claims in the petition. (*See* Docs. 6-5, 6-6). *Jimenez* simply does not apply to out-of-time *collateral* appeals[2] that do not result in the granting of an out-of-time *direct appeal*. *See Hollinger v. Secretary Dep't of Corr.*, 334 F. App'x 302, 304-05 & n. 4 (11th Cir. 2009).

The court also notes that, while the magistrate judge stated in the R&R that the proceedings on Howard's second Rule 32 petition remained pending until December 9, 2011 (*see* R&R at 15), Howard now suggests that such proceedings remained pending until January 4, 2012. (Obj. at 4). December 9, 2011 corresponds to the date upon which the Alabama Supreme Court denied certiorari review and issued a certificate of judgment in Howard's appeal involving her second Rule 32 petition. January 4, 2012 is the date the Alabama Supreme Court entered an order striking Howard's subsequent application for rehearing under Rule 39(*l*), ALA. R. APP. P., which provides that "no application for rehearing shall be received in the Supreme Court if [a] petition for a writ of certiorari is denied, quashed, or stricken." (Doc. 15 at 18)[3]. However, the

---

[2]Strictly speaking, Howard was not even granted an "out-of-time" collateral appeal. Rather, it seems that the Alabama Court of Criminal Appeals initially did not receive Howard's notice of appeal following the denial of her second Rule 32 petition but that court later accepted that Howard had, in fact, filed a timely notice of appeal, as she had asserted. (*See* Doc. 15 at 11-12; Doc. 6-5).

[3]Although Petitioner only proffered a copy of that order for the first time with her objections to the R&R, the court will consider it. *See* 28 U.S.C. § 636(b)(1) (providing that, in ruling upon a magistrate judge's report and recommendation, a district judge "may also receive

magistrate judge's determination of the point occurred only after entertaining an assumption for the sake of argument that Howard's second Rule 32 petition was "properly filed" and otherwise operated as a tolling motion while it remained "pending" under § 2244(d)(2). (*See* R&R at 15). The court agrees with the magistrate judge that such assumption is a highly doubtful one given both that Howard did not file her second Rule 32 petition until September 2010, after the federal limitations period had already expired in March 2009, *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), and that Alabama law generally prohibits successive Rule 32 petitions, *see* Rule 32.2(b), ALA. R. CRIM. P.

Even so, the magistrate judge concluded that, granting Howard "essentially every doubt," including that her second Rule 32 petition was a tolling motion, the federal limitations period would have expired on April 9, 2012, but she did not file her § 2254 petition until at least May 8, 2012. (R&R at 15). Accordingly, even if the court further assumes that Howard's second Rule 32 petition remained pending an additional 26 days until January 4, 2012, it still would not bridge the gap to render her federal petition timely. In any event, the magistrate judge correctly used the December 9, 2011 date that the Alabama Supreme Court denied certiorari and issued a certificate of judgment. That marked the conclusion of the Rule 32 appeal for purposes of § 2244(d)(2). *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000); *Smith v. Jones*, 2014 WL 2708044, at *3 (N.D. Ala. June 13, 2014). While Howard thereafter applied for rehearing to contest the denial of certiorari, that application was stricken under ALA. R. APP. P. 39(*l*). As such, the application for rehearing in the Alabama Supreme Court was not "properly filed" under state law and did not extend tolling

---

further evidence"); *see also Stephens v. Tolbert*, 471 F.3d 1173, 1176-77 (11th Cir. 2006).

under § 2244(d)(2). *See Reed v. Culliver*, 244 F. App'x 304, 307 (11th Cir. 2007); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (recognizing that an application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (emphasis in original).

The remainder of Howard's arguments are directed generally to the merits of her claims alleging ineffective assistance of counsel and the validity of her guilty plea, rather than to the statute of limitations issue deemed controlling by the magistrate judge. (*See* Obj. at 5-8). In the course of that discussion, Howard also references what she characterizes as "potentially exculpatory evidence." (*Id.* at 7). To the extent that such might be intended to further her argument raised previously that she is entitled to avoid the limitations period on the ground that she is actually innocent, *see McQuiggan v. Perkins*, ___U.S. ___, 133 S. Ct. 1924 (2013), such a claim is due to be rejected for the reasons stated by the magistrate judge. (*See* R&R at 15-17).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation of the magistrate judge and Howard's objections to it, the court finds that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. Howard's objections are **OVERRULED**. As a result, this action is due to be **DISMISSED WITH PREJUDICE**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS.

A separate final judgment will be entered.

DONE and ORDERED this 21st day of August, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE